22744

Susan L. KEATON, Appellant v. Michael Anthony PEARSON, Respondent.
(358 S. E. (2d) 141)

Supreme Court

*J. Steedley Bogan,* Columbia, *for appellant.*

*Robert A. McKenzie,* Columbia, *for respondent.*

*Stephen G. Morrison, Richard H. Willis* and *S. Laura Campbell, amicus curiae for Products Liability Advisory Council, Inc.,* and *Motor Vehicle Manufacturer Assn.*

Heard May 18, 1987.

Decided July 6, 1987.

GREGORY, Justice:

Appellant Keaton commenced this action against respondent Pearson to recover damages for personal injuries she sustained in an automobile collision. The jury returned a verdict for Pearson. Keaton appeals on the ground the trial judge erred in allowing the jury to consider her failure to use a seat belt. We reverse.

The parties' vehicles collided when Pearson attempted to make a left turn across the oncoming lane of traffic in which Keaton was traveling. Both cars were moving at less than fifteen m.p.h. when the collision occurred. Property damage

was slight. Keaton, however, was thrown into the steering wheel and struck her chin. She was later diagnosed as suffering from temporomandibular joint dysfunction.

At trial, over Keaton's objection, Pearson elicited testimony that Keaton was not wearing her seat belt at the time of the collision. Pearson also introduced expert testimony that if Keaton had been wearing her seat belt she would not have struck her chin on the steering wheel when the impact occurred.

The trial judge charged the jury that if it concluded Keaton had failed to use her seat belt, it could then consider "any causative relationship between [Keaton's] failure to use a seat belt as this impacts upon the issue of contributory negligence and a failure to minimize damages."

We recognize that prior decisions of this Court have suggested a seat belt defense may be proper. *See Jones v. Dague*, 252 S. C. 261, 166 S. E. (2d) 99 (1969) (failure to use seat belt may present a factual issue regarding plaintiff's injury); *Sams v. Sams*, 247 S. C. 467, 148 S. E. (2d) 154 (1966) (alleged seat belt defense should be decided on facts adduced at trial and not on pleadings). We now hold that in the absence of an affirmative statutory duty, a plaintiff's failure to use a seat belt does not constitute contributory negligence or a pre-injury failure to minimize damages.

Like courts of other jurisdictions, we defer to the state legislature to impose upon the people of our state the duty to wear a seat belt. *See, e.g., Britton v. Doehring*, 286 Ala. 498, 242 So. (2d) 666 (1970); *Fischer v. Moore*, 183 Colo. 392, 517 P. (2d) 458 (1973); *Miller v. Miller*, 273 N. C. 228, 160 S. E. (2d) 65 (1968); *Schmitzer v. Misener-Bennett Ford, Inc.*, 135 Mich. App. 350, 354 N. W. (2d) 336 (1984); *see generally*, Annot., 92 A. L. R. 83d) 9 (1979); Annot., 80 A. L. R. (3d) 1033 (1977). In view of the continuing legislative debate over a mandatory automobile seat belt law, we decline to judicially impose a penalty on the occupant who chooses not to wear a seat belt.

Accordingly, the judgment of the Circuit Court is reversed and the case is remanded for a new trial.

Reversed and remanded.

NESS, C. J., HARWELL and FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.