22784

Gerald Scott POSTON, by his Guardian ad Litem, Gloria Lee POSTON, Respondent v. Norvell BARNES and Florence County School District #2, Defendants, of whom Florence County School District #2 is Appellant. Appeal of FLORENCE COUNTY SCHOOL DISTRICT # 2.

(363 S. E. (2d) 888)

Supreme Court

C. *Dexter Powers*, of *Wright, Powers & McIntosh*, Florence, *for appellant.*

*Ronald J. Jebaily, George D. Jebaily, Jebaily & Glass,* and *Mary Layton Wells,* Florence, *for respondent.*

*David W. Keller, Jr.* of *McGowan, Keller, Eaton, Brodie & Elmore,* Florence, *for defendant Barnes.*

Heard March 23, 1987.

Decided Oct. 12, 1987.

FINNEY, Justice:

This is a personal injury action arising out of a three-vehicle accident. The minor plaintiff Gerald Poston (Poston), respondent, and defendant Norvell Barnes (Barnes), prior to trial, entered into a Covenant Not To Execute or Proceed. This agreement was not disclosed to the jury despite attempts by the appellant, Florence County School District #2 (School District), to require its disclosure. The jury returned a $375,000 verdict against the defendant and the appellant. We affirm in part, reverse in part and remand for a new trial.

Gerald Poston, a student at Hannah-Pamplico High School, was a passenger in a van owned by Florence School District #2, and was being transported to Florence as part of his class curriculum. As the van traveled through an intersection, the defendant's automobile collided with the van, causing the van to collide with another vehicle and overturn. The minor respondent was ejected from the van and sustained serious bodily injuries.

While the minor respondent's suit was pending against the defendant and the appellant, a settlement which they designated an "Agreement and Covenant Not to Execute or Proceed Against Norvell Barnes"[1] was entered into by Barnes, her insurance carrier and Poston. The agreement provided that Barnes would pay Poston $180,000 over a period of years, remain a party defendant, and that Poston would not execute on any judgment against Barnes for any amount in excess of $500 above the $180,000 settlement. The School District's pretrial motion to introduce the settlement agreement was denied as well as its subsequent tender of the agreement into evidence at the trial. The jury returned a verdict of $375,000 against both the defendant Barnes and the appellant School District. The record reflects that the respondent had stipulated that the School District would be entitled to a set-off for the present value of the settlement.

First, appellant alleges the lower court erred in refusing appellant's pretrial and trial motions that the "Agreement and Covenant Not To Execute Against Norvell Barnes" be introduced into evidence. Appellant specifically alleges that the agreement's nondisclosure to the jury made Norvall Barnes a "sham" defendant, thereby deceiving the jury and resulted in an unfair and inequitable verdict.

Our review indicates that determining the legal import of a Covenant Not To Execute or Proceed is a novel issue in this jurisdiction. Other jurisdictions

---

[1] The Agreement and Covenant Not to Execute or Proceed Against Norvell Barnes entered into by Barnes, her insurance carrier, respondent, his guardian ad litem, parents and the attorneys for the signing parties is set forth below in pertinent parts:

FIRST: The agreement provides for the payment in a structured settlement of a total sum of One Hundred Eighty Thousand ($180,000) dollars to respondent;

SECOND: It expressly provides that Norvell Barnes shall remain as a party defendant in the action and may become a party to any other action respondent may bring against any other parties he deems responsible for his injuries;

THIRD: The parties agree that they will not voluntarily disclose the contents of the agreement to any codefendant or their counsel unless directed to do so by a court of competent jurisdiction; although it is agreed that the trial judge shall be informed of the agreement, at least in camera, before the rendition of any judgment; and

FOURTH: The liability of Barnes is limited to the sum of Five Hundred ($500) dollars in the event a judgment exceeds the total of the payments under the agreement with no refunds to Barnes or her carrier in any event.

hold that a Covenant Not To Execute is not a satisfaction or a release and that its legal effect is similar to that of a Covenant Not To Sue because it does not operate to release other joint tortfeasors. *See, Land v. United States,* 231 F. Supp. 883 (N.D. Okla. 1964); *see also, Ayers v. Pastime Amusement Co.,* 259 F. Supp. 358 (D.S.C. 1966); *Rager v. Superior Coach Sales & Service of Ariz.,* 110 Ariz. 188, 516 P. (2d) 324 (1974). A Covenant Not To Execute is a promise not to enforce a right of action or execute a judgment when one had such a right at the time of entering into the agreement. *See e.g., Ayers v. Pastime Amusement Co.,* 259 F. Supp. 358; *Mercantile Nat. Bank v. Founders Life Assur. Co. of Florida,* 236 Ga. 71, 222 S. E. (2d) 368 (1976). A Covenant Not to Sue and a Covenant Not to Execute are so closely akin that a major distinguishing factor is that the latter is normally executed when a settlement occurs after the filing of a lawsuit, while the former is entered into before a lawsuit is filed. *Land v. United States,* 231 F. Supp. 883. In South Carolina when a Covenant Not To Sue has been entered into, usually the covenanting tortfeasor is no longer a party to the litigation. *See generally, Bartholomew v. McCartha,* 255 S. C. 489, 179 S. E. (2d) 912 (1971).

We are cognizant that litigants are free to devise a settlement agreement in any manner that does not contravene public policy or the law. In fact, this Court encourages such compromise agreements because they avoid costly litigation and delay to an injured party. However, these settlement agreements must be carefully scrutinized in order to determine their efficiency and impact upon the integrity of the judicial process.

In *Ward v. Ochoa,* 284 So. (2d) 385 (1973), the Florida Supreme Court was confronted with a similar problem and held that the trial court erred in denying appellant's pre-trial and post-trial motions for an order requiring plaintiffs to produce the agreement. The Court stated:

> The search for the truth, in order to give justice to the litigants, is the primary duty of the courts. Secret agreements between plaintiffs and one or more of several multiple defendants can tend to mislead judges and juries, and border on collusion. To prevent such deception, we are compelled to hold that such agreements

must be produced for examination before trial, when sought to be discovered under appropriate rules of procedure ... 284 So. (2d) at 387.

The Florida court's reasoning is persuasive. We are of the opinion that any settlement device which does not fully release a defendant, while purporting to do so, is subject to disclosure to the jury.[2]

We hold that the settlement agreement's legal designation as a Covenant Not To Execute or Proceed is not a binding determinant of its true nature.[3] Barnes and the School District were being sued as co-tortfeasors and would have been jointly and severally liable. The settlement agreement's label was essentially a facade allowing Barnes to remain a party defendant while attempting to insure that the settlement agreement would not be disclosed to the jury. As a result, the jury was denied information to which it was entitled as to the sources of remuneration available to the plaintiff and by whom such remuneration would be paid. The fact that the agreement was not disclosed to the jury in this instance facilitates inequity and injustice in the judicial process. Openness and fairness of trials are essential to preserving the effectiveness of our judicial system. Under the circumstances of this case, the agreement should have been allowed into evidence to insure that an equitable verdict was reached. *See, Ward v. Ochoa, supra.* Accordingly, we conclude that appellant's motion seeking introduction of the agreement into evidence should have been granted.

Next, appellant alleges error by the trial court in allowing evidence before the jury concerning whether the school district had removed seat belts from the van. The appellant asserts that no statute or regulation requires the state to install or maintain seat belts in vehi-

---

[2] This decision does not change or alter existing procedure under which a covenant not to sue shall not be disclosed to the jury but may only be considered by the trial judge.

[3] Appellant argues that the Covenant Not To Execute was, in fact, a Mary Carter Agreement. *See, Booth v. Mary Carter Paint Co.,* 202 So. (2d) 8 (1967); *Ward v. Ochoa, supra.* We decline to hold this covenant to be a Mary Carter Agreement, although it contains many of the elements essential to form such an agreement. Regardless of this agreement's label, we conclude that it denies the jury information to which it was entitled.

cles used to transport students in school vehicles to school activities.

Recently in *Keaton v. Pearson*, 292 S. C. 579, 358 S. E. (2d) 141 (1987), this Court held that in the absence of an affirmative statutory duty, a plaintiff's failure to use a seat belt does not constitute contributory negligence or a pre-injury failure to minimize damages. Specifically, *Keaton* addresses the issue of whether this Court should judicially impose a penalty upon a vehicle occupant who chooses not to wear a seat belt. The imposition of such a penalty requires a statutory enactment rather than judicial activism. *Id.*

In the instant case, the issue is whether or not evidence of the School District's removal of seat belts is admissible to show negligence. This issue is totally different from the one addressed in *Keaton.* We conclude that the admission of evidence concerning whether or not the school district removed seat belts from the van on the question of negligence is not prohibited.

Accordingly, we affirm the trial court's ruling with respect to the seat belt removal, reverse the trial court's decision disallowing the Covenant Not To Execute or Proceed into evidence, and remand this case for a new trial.

Affirmed in part, reversed in part, and remanded.

NESS, C. J., GREGORY and HARWELL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.