LUTTIG, Circuit Judge,
concurring and delivering the opinion for the court with respect to Part IV.B:
I am pleased to concur in all but Part IV.B. of Judge Niemeyer’s opinion. However, with regard to the admissibility of the evidence proffered by Daimler-Chrysler that Sergio was not wearing his seatbelt at the time of the accident, I would hold without hesitation that the district court abused its discretion in excluding such evidence under both South Carolina law and the Federal Rules of Evidence. I would also conclude that, in light of the statement by plaintiffs counsel during opening argument that Sergio was belted, the district court’s erroneous evidentiary ruling was not harmless.
Under South Carolina law, “in the absence of an affirmative statutory duty, a plaintiffs failure to use a seat belt does not constitute contributory negligence or a pre-injury failure to minimize damages.” Keaton v. Pearson, 292 S.C. 579, 358 S.E.2d 141, 141 (S.C.1987). Daimler-Chrysler offered evidence of Sergio’s seat-belt non-use to establish, inter alia, that the Caravan was not unreasonably dangerous under South Carolina’s crashworthiness doctrine and that the alleged defect in the latchgate was not the proximate cause of Sergio’s injuries. Because Daimler-Chrysler offered the evidence neither to show contributory negligence by Sergio nor a pre-injury failure to minimize damages, the district court erred when it concluded that “South Carolina [would hold] ... that evidence of seatbelt usage is inadmissible respecting crashworthiness.... ” J.A. 39.
Many states, like South Carolina, prohibit evidence of seatbelt non-use to establish contributory or comparative negligence or failure to mitigate damages. See, e.g., Ark.Code Ann. § 27-37-703; Kan. Stat. Ann. § 8—2504(c); Mo.Rev.Stat. § 307.178.2; Virginia Code § 46.2-1094(D). Nevertheless, federal and state courts admit evidence of seatbelt non-use to determine whether an automobile was unreasonably dangerous for crashworthiness purposes, even if state law bars such evidence to establish contributory negligence or failure to mitigate damages. See Gardner v. Chrysler Corp., 89 F.3d 729, 737 (10th Cir.1996) (admitting evidence of plaintiffs failure to use a seatbelt as to the issue of crashworthiness, despite Kansas statute prohibiting evidence of non-use to show comparative negligence or mitigation of damages); Hermann v. General Motors Corp., 720 F.2d 414, 415 (5th Cir.1983) (admitting evidence of plaintiffs non-use of seatbelt as to whether automobile was crashworthy, despite Louisiana law that failure to use seatbelts does not constitute contributory negligence); Brawn v. Ford Motor Co., 67 F.Supp.2d 581, 587 (E.D.Va.1999) (“[E]vidence of the failure to wear a seatbelt is admissible as it relates to the issues of negligent design and manufacture.”); General Motors Corp. v. Wolhar, 686 A.2d 170, 176-77 (Del.1996) (when plaintiff alleges that “enhanced injuries *458 were proximately caused by a design defect in her vehicle, the defendants must be permitted to introduce seatbelt evidence for the limited purposes of establishing: the safety design of the vehicle as a whole; and, that the non-use of the seatbelt, rather than the vehicle’s design, was the supervening cause of those enhanced injuries”); Lowe v. Estate Motors Ltd., 428 Mich. 439, 410 N.W.2d 706, 707-08 (1987) (“Evidence of the seat-restraint system goes to the heart of the issue in crashworthiness cases in which the plaintiffs injuries were sustained after being ejected from the vehicle, a result which seat belts are specifically designed to prevent”).
Moreover, courts have admitted evidence of seatbelt non-use to show proximate cause in crashworthiness cases, even when state law, like South Carolina, precludes such evidence to show contributory negligence or failure to mitigate damages. See Wolhar, 686 A.2d at 176-77, MacDonald v. General Motors Corp., 784 F.Supp. 486 (M.D.Tenn.1992) (allowing evidence of seatbelt non-use to demonstrate that plaintiffs’ injuries arose from their failure to wear seatbelts rather than the alleged design defect, despite state statute barring such evidence to show contributory negligence); LaHue v. General Motors Corp., 716 F.Supp. 407, 416 (W.D.Mo.1989) (admitting evidence of seatbelt non-use on the issue of causation, despite state statute barring such evidence to show comparative negligence).
Although some state courts have prohibited evidence of seatbelt non-use in crash-worthiness actions, see Olson v. Ford Motor Co., 558 N.W.2d 491 (Minn.1997), those states have broadly-worded statutes that bar seatbelt evidence in any action involving personal injuries. See, e.g., Minn.Stat. § 169.685. South Carolina has no such statute applicable under the circumstances of this ease.* The only authority on this issue is Keaton, which prohibits evidence of seatbelt non-use only on the issues of “contributory negligence” or “a pre-injury failure to minimize damages.” 358 S.E.2d at 141. Under the facts here, no South Carolina statute or case bars admission of seatbelt evidence in a crashworthiness case, except when the admission- is for the purposes prohibited by Keaton.
Because South Carolina substantive law presents no barrier to the introduction of evidence of Sergio’s failure to wear his seatbelt, the remaining question is whether, under the Federal Rules of Evidence, that evidence was relevant to show the crashworthiness of the minivan, or a lack of proximate cause between the alleged defect and Sergio’s injury. Sergio’s failure to wear his seatbelt is relevant to both issues.
In assessing crashworthiness, rather than focus on the allegedly defective part of the automobile, the jury must consider whether the vehicle was unreasonably dangerous as a whole. See Dreisonstok v. Volkswagenwerk, A.G., 489 F.2d 1066 (4th Cir.1974); Melia v. Ford Motor Co., 534 F.2d 795, 800 (8th Cir.1976); La Hue, 716 F.Supp. at 407 (“The design of individual components within this car need not be considered in a vacuum because safety features such as seat belts are a part of the overall design.”). Evidence of seatbelt non-use is unquestionably admissible to show the reasonableness of the vehi *459 cle’s overall design. The jury must know how an individual would be affected upon impact when all of the design features, including the seatbelt, are being used as intended. The use or non-use of a seatbelt by an occupant is relevant in determining whether a vehicle is “crash-worthy” since the latch and rear door were not the only mechanisms designed to secure an occupant inside the vehicle. If Sergio’s injuries could have been prevented if he had been wearing his seatbelt, then such evidence is indisputably relevant as to whether the Dodge Caravan is unsafe “as a whole.” Even plaintiffs expert conceded that the latches function as part of a “total system” and that “protecting against ejection has to do with, of course, the seat belts.” J.A. 396-97 (testimony of Mr. El-well). To find otherwise would be antithetical to the holistic inquiry of a vehicle’s safeness required in crashworthiness cases.
Such evidence is likewise relevant to damages since appellant conceded at trial that “had Sergio stayed inside the minivan, he would have sustained, if anything, minor injuries.” J.A. 1092.
There can be no question that failure to admit the evidence of seatbelt non-use was prejudicial to DaimlerChrysler’s case. Although the district court allowed DaimlerChrysler to introduce evidence that the Caravan included a seatbelt restraint system, by excluding evidence of Sergio’s seatbelt non-use, the jury was essentially left to infer that the seatbelt itself may have failed and thus contributed to Sergio’s death. And, of course, the prejudice was only compounded by the affirmative, mistaken representation to the jury by plaintiffs counsel that Sergio was seat-belted when in fact he was not.
We would undoubtedly reverse the district court if the tables were turned, that is, had the court refused the plaintiffs request to admit evidence that the deceased was wearing his seatbelt. And especially would we do so if, in the same trial, the defendant’s counsel had stated to the jury that the deceased was not seat-belted when in fact he was. We would hold that the prejudice to the plaintiff, given these errors, was incontestable. Under law, no different result should obtain where, as here, the same errors in principle were committed to the prejudice of the defendant, rather than to that of the plaintiff.
I am authorized to represent that Judge Williams joins in this opinion.

 Although S.C.Code Ann. § 65-5-6540 would bar admission of seatbelt non-use into evidence under some circumstances, that statute is inapplicable here because the backseat of the vehicle in which Sergio was a passenger was not equipped with a shoulder harness. J.A. 425; see S.C.Code Ann. § 65-5-6530 (“The provisions of this article do not apply to: ... (9) occupants of the back seat of a motor vehicle unless the vehicle is equipped with a shoulder harness in addition to the lap belt”).