691 S.E.2d 480

**Tracey SIMS, as Guardian for Emma G., a minor child under the age of eighteen (18), Appellant,**

**v.**

**Dewey V. GREGORY, Jr., Respondent.**

**No. 4649.**

Court of Appeals of South Carolina.

Heard Oct. 13, 2009.

Decided Jan. 28, 2010.

Grahame E. Holmes, Ronnie L. Crosby, and Matthew V. Creech, all of Walterboro, for Appellant.

Thomas Milligan, of Mt. Pleasant, for Respondent.

SHORT, J.

Tracey Sims, as guardian for Emma G., a minor child under the age of 18, appeals from the trial court's grant of summary

judgment for Dewey Gregory in an action arising from a car accident. The trial court held (1) South Carolina law does not allow an alleged violation of a seatbelt law to be used as evidence of negligence, and (2) the injuries to the minor child were not caused by any negligence on part of Gregory but were caused by negligence of a third party. We affirm.

## FACTS

This case arises from an automobile accident that occurred in Summerville, South Carolina. Gregory was driving his daughter, Emma G., home from school when the accident occurred. Stephen Welch crossed the center line on Highway 17A and struck Gregory's automobile head-on. As a result of the accident, Emma G. suffered a brain injury. Sims, Emma G.'s mother, filed suit against Gregory on the ground that Gregory failed to properly restrain Emma G. prior to the collision.

Gregory filed a motion for summary judgment arguing Emma G. was properly restrained, and even if she was not, South Carolina law does not allow the violation of a seatbelt law to be used as evidence of negligence. Additionally, Gregory argued the accident was caused by the intervening negligence of a third party, Welch. In support of his position, Gregory submitted an affidavit, stating Emma G. was properly restrained at the time of the collision.

In response, Sims submitted an affidavit, claiming Gregory told her Emma G. was not properly restrained at the time of the accident because Emma G. was wearing only her lap belt and did not have on her shoulder harness. Additionally, Sims submitted an affidavit from her counsel, stating that Emergency Medical Services records indicated Emma G. was wearing only her lap belt at the time of the accident.

The trial court granted Gregory's motion, holding Gregory was not negligent in causing the accident, the accident was solely the fault of a third party, and South Carolina law does not recognize or allow a cause of action for a violation of the seatbelt statute. This appeal followed.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, this court applies the same standard of review as the circuit

court under Rule 56, SCRCP. *Cowburn v. Leventis,* 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct.App.2005). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Id.* To determine whether any triable issues of fact exist, the reviewing court must consider the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Id.*

## LAW/ANALYSIS

In granting summary judgment, the trial court ruled South Carolina law does not allow a violation of a seatbelt law to be used as evidence of negligence. We agree.

In 1989, the General Assembly passed a statute requiring all drivers and occupants of motor vehicles to use safety belts. S.C.Code Ann. § 56–5–6520 (Supp.2008). The mandatory seatbelt law states, "[t]he driver and every occupant of a motor vehicle ... must wear a fastened safety belt.... The driver is charged with the responsibility of requiring each occupant seventeen years of age or younger to wear a safety belt or be secured in a child restraint system...." *Id.* Simultaneously, the General Assembly refused to allow the use of evidence in a civil action showing that a driver or occupant of a motor vehicle failed to use a safety belt. S.C.Code Ann. § 56–5–6540(C) (Supp.2008). Specifically, section 56–5–6540(C), which delineates the penalties for a violation of the mandatory seatbelt law, states, "[a] violation of this article is not negligence per se or contributory negligence, and is not admissible as evidence in a civil action."

The cardinal rule of statutory construction is to determine and give effect to the intent of the legislature. *Charleston County Sch. Dist. v. State Budget & Control Bd.,* 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993). The best evidence of legislative intent is the text of the statute. *Wade v. State,* 348 S.C. 255, 259, 559 S.E.2d 843, 844 (2002) (internal quotations and citations omitted). If the terms of the statute are clear, the court must apply those terms according to their literal meaning. *City of Columbia v. Am. Civil Liberties Union of S.C., Inc.,* 323 S.C. 384, 387, 475 S.E.2d 747, 749 (1996).

In the present case, section 56–5–6540(C) clearly states a violation of the mandatory seatbelt law cannot be used as evidence in a civil action to show that a driver or occupant of a motor vehicle failed to use a safety belt. Even if we assume Gregory violated the seatbelt law by failing to ensure Emma G. was wearing her safety belt, section 56–5–6540(C) precludes any evidence of Gregory's alleged violation to be used in a civil trial to show he failed to restrain Emma G. *See Clark v. Cantrell,* 332 S.C. 433, 451, 504 S.E.2d 605, 614–15 (Ct.App. 1998) ("[Section 56–5–6540(C) ] precluded the use of evidence in a civil action showing that a driver or occupant of a motor vehicle failed to wear a safety belt."). The language of the statute is clear, and as such, we must give effect to that language, and conclude the trial court properly granted summary judgment in favor of Gregory.

Nonetheless, Sims argues her claims of common law negligence would survive even after the enactment of sections 56–5–6520 and 56–5–6540. We disagree.

The South Carolina Supreme Court has held that absent a statutory duty, there was no common law duty to wear a safety belt. *Keaton v. Pearson,* 292 S.C. 579, 580, 358 S.E.2d 141, 141 (1987). In *Keaton,* our supreme court stated it was the province of the General Assembly to impose a duty to wear a safety belt. *Id.* Our General Assembly accepted this invitation, and two years after the *Keaton* decision enacted the mandatory safety belt law. *Clark,* 332 S.C. at 451 n. 11, 504 S.E.2d at 615 n. 11. The only duty to wear a safety belt is statutory. As such, Sims' argument fails.[1]

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**

WILLIAMS and GEATHERS, JJ., concur.

---

1. Both parties argue about the application of section 56–5–6460. This section states, "[a] violation of this article shall not constitute negligence, per se, contributory negligence nor be admissible as evidence in any trial of any civil action." However, this section only applies to children five years or younger. S.C.Code Ann. § 56–5–6410 (Supp. 2008). At the time of the accident, Emma G. was seven years old. Thus, section 56–5–6460 is inapplicable to this case.