559 S.E.2d 586

**Gerald D. WADE, Jr., Respondent,**

v.

**BERKELEY COUNTY, South Carolina, and John Doe, of whom Berkeley County, South Carolina, is Petitioner,**

**and John Doe is Respondent.**

**No. 25406.**

Supreme Court of South Carolina.

Heard Oct. 24, 2001.

Decided Feb. 4, 2002.

Stephen P. Groves, Sr., Joseph E. DaPore, and Stephen L. Brown of Young, Clement, Rivers, & Tisdale, LLP, of Charleston, for petitioner.

George J. Kefalos, of North Charleston, for Respondent Gerald D. Wade, Jr.

Bonum S. Wilson, III, of Wilson & Heyward, of Charleston, for Respondent John Doe.

Justice BURNETT.

The Court granted a writ of certiorari to review the decision of the Court of Appeals in *Wade v. Berkeley County,* 339 S.C. 513, 529 S.E.2d 743 (Ct.App.2000). We affirm in part and reverse in part.

## FACTS

Respondent Gerald D. Wade (Wade) brought this negligence action against Bobby Joe Pierce (Pierce) and an unknown driver, Respondent John Doe, alleging injury as a result of an automobile accident. At his deposition, Pierce testified that at the time of the accident, he was working for his employer, Petitioner Berkeley County (County). Thereafter, Wade and Pierce executed a "Covenant Not to Execute Judgment." In essence, Wade agreed not to execute any judgment obtained against Pierce and his personal insurer in exchange for $13,000.

Wade then amended his complaint, deleting Pierce as a defendant and naming County as the party defendant. Wade alleged Pierce was acting within the scope of his employment at the time of the accident and County, as his employer, was liable under the South Carolina Tort Claims Act.

County filed a motion for summary judgment, claiming execution of Wade and Pierce's Covenant Not to Execute Judgment barred the tort action against it. The trial judge granted County's motion.[1] The Court of Appeals reversed. *Wade v. Berkeley County,* 339 S.C. 495, 529 S.E.2d 734 (Ct.App.1999) *(Wade II).* On rehearing *en banc,* the plurality affirmed the panel's decision holding the Covenant Not to Execute was not a settlement as contemplated by the South Carolina Tort Claims Act and, therefore, Wade was not barred

---

1. County had previously filed another motion for summary judgment arguing Wade was precluded from asserting Pierce was its employee after the Workers' Compensation Commission concluded Pierce was not acting within the scope of his employment at the time of the accident. The trial judge granted the motion. Wade appealed. Regarding this issue, the Court of Appeals held Wade was not collaterally estopped and "[t]he facts of this case create a jury question as to whether Pierce was acting within the scope of his employment when he collided with Wade." *Wade v. Berkeley County,* 330 S.C. 311, 320, 498 S.E.2d 684, 689 (Ct.App.1998) *(Wade I).*

from pursuing its action against County. Three judges concurred; two dissented. *Wade v. Berkeley County, supra* (*Wade III*).

## *ISSUE*

Did the Court of Appeals err by holding Wade and Pierce's "Covenant Not to Execute Judgment" did not constitute a settlement and, therefore, did not bar further action by Wade against County under the South Carolina Tort Claims Act?

## *DISCUSSION*

Section 15–78–70(d) of the South Carolina Tort Claims Act (the Act) [2] provides:

A settlement or judgment in an action or a settlement of a claim under this chapter constitutes a complete bar to any further action by the claimant against an employee or governmental entity by reason of the same occurrence.

The Court of Appeals held A) Wade and Pierce's "Covenant Not to Execute Judgment" was not a settlement and B) even if the document was a settlement, it was not a settlement "under this chapter," and, therefore, Wade was not barred from pursuing his action against County.

## *A.*

Initially, the Court of Appeals' opinion states:

Without a jury verdict, order of judgment, or confession of judgment, cases are disposed of by way of amicable disposition under the aegis and ambit of three recognizable legal documents effectuating the *settlement:* (1) general release; (2) covenant not to sue; and (3) covenant not to execute.

*Wade III* 339 S.C. at 518–19, 529 S.E.2d at 746 (italic in original).

Thereafter, the Court of Appeals discusses the three enumerated forms of settlement, ultimately concluding Wade and Pierce's document was a "covenant not to execute *as opposed*

---

**2.** *See* S.C.Code Ann. §§ 15–78–10 to –200 (Supp.2000).

*to a settlement agreement,* release, or covenant not to sue."
*Id.* 339 S.C. at 523, 529 S.E.2d at 748 (emphasis added).

Under South Carolina law, a covenant not to execute
is one type of settlement agreement. *Poston by Poston v.
Barnes,* 294 S.C. 261, 363 S.E.2d 888 (1987). It is a "promise
not to enforce a right of action or execute a judgment when
one had such a right at the time of entering into agreement."
*Id.* at 264, S.E.2d at 890. It is *"normally executed when a
settlement occurs* after the filing of a lawsuit." *Id.* (italic
added). While a covenant not to execute is not a release, it is
nonetheless a settlement between the parties to the agree-
ment. *See Ackerman v. Travelers Indem. Co.,* 318 S.C. 137,
456 S.E.2d 408 (Ct.App.1995); 76 C.J.S. *Release* § 4 (1994)
(release is a present abandonment or relinquishment of a right
or claim; a covenant not to execute is a promise not to enforce
a right of action or execute a judgment when one had such a
right at the time of entering into the agreement).

The Court of Appeals erred by holding Wade and Pierce's
covenant not to execute was not a settlement. Not only is the
holding contrary to established law, but the opinion contains
an internal inconsistency-that a covenant not to execute is a
legal document which effectuates a settlement but does not
constitute a settlement.

### B.

County asserts the Court of Appeals erred by holding
§ 15–78–70(d) does not bar Wade's action because Wade and
Pierce's settlement did not arise "under this chapter." In-
stead, County argues the phrase "under this chapter" only
modifies "settlement of a claim," not "a settlement or judg-
ment in an action" and, therefore, the lack of an action "under
this chapter" is not dispositive. County further contends that
because Wade was aware of its potential claim against County
as Pierce's employer at the time it settled with Pierce, § 15–
78–70(d) precludes Wade from maintaining its current action.
We disagree.

As noted above, § 15–78–70(d) provides:

A settlement or judgment in an action or a settlement of a
claim under this chapter constitutes a complete bar to any

further action by the claimant against an employee or governmental entity by reason of the same occurrence.

"This chapter" is defined as the "South Carolina Tort Claims Act." § 15–78–10. Accordingly, "under this chapter" means within the South Carolina Tort Claims Act.

■■■■ The cardinal rule of statutory construction is for the Court to ascertain and effectuate the intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996). The first question of statutory interpretation is whether the statute's meaning is clear on its face. *Kennedy v. South Carolina Retirement Sys.,* 345 S.C. 339, 549 S.E.2d 243 (2001). "If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning." *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995). On the other hand, where a statute is ambiguous, the Court must construe the terms of the statute. *Lester v. South Carolina Workers' Compensation Comm'n,* 334 S.C. 557, 514 S.E.2d 751 (1999). The Act provides that it "must be liberally construed in favor of limiting liability of the governmental entity." § 15–78–200; *see* § 15–78–20(f) (Act must be liberally construed in favor of limiting the liability of the State).[3]

Section 15–78–70(d) is ambiguous because it is unclear what phrase "under this chapter" modifies. "Under this chapter" either modifies both "[a] settlement or judgment in an action" and "a settlement of a claim" or, as County asserts, only modifies "a settlement of a claim." We conclude the General Assembly intended "under this chapter" to modify both a "settlement or judgment in an action" and a "settlement of a claim."

In its original bill form § 15–78–70(d) provided "a settlement or judgment in an action under this chapter constitutes a complete bar." *See* 1986 Senate Journal April 8, 1986, p. 1476;

---

**3.** The Court of Appeals asserts "[a]ny ambiguity in a statute should be resolved in favor of a just, equitable, and beneficial operation of the law." *Wade III, supra* 339 S.C. at 525, 529 S.E.2d at 749. While this is generally true, the Act specifically states it is to be interpreted to limit the governmental entity's liability. § 15–78–200.

1986 Senate Journal April 10, 1986, p. 1569. The phrase "settlement of a claim" was added later so that the bill which was passed, and as it currently reads, states "[a] settlement or judgment in an action or settlement of a claim under this chapter constitutes a complete bar." *See* 1986 Senate Journal May 22, 1986, p. 2315 (language added after the report of the Committee of Free Conference); 1986 House Journal May 22, 2986, p. 3282 (same). The insertion of "settlement of a claim" into the original proposal, "[a] settlement or judgment in an action under this chapter," indicates the legislature intended "under this chapter" to modify both "[a] settlement or judgment in an action" and "a settlement of a claim." Consequently, to invoke the provisions of § 15–78–70(d), there must be a settlement or judgment in an action under the Act or a settlement of a claim under the Act. While this construction may not limit County's liability as required under the Act,[4] we cannot ignore the clear legislative history of § 15–78–70(d).

Even though Wade was aware he might have an action against County under the Act when he and Pierce executed the covenant not to execute, no action had been initiated, nor had any claim been filed, against County. At the time of the settlement, Wade had only initiated an action against Pierce in his individual capacity, not against County as Pierce's employer.[5] Accordingly, at the time Wade and Pierce executed the settlement document, there were no actions "under this chapter." Wade and Pierce's settlement did not invoke the provisions of § 15–78–70(d) barring Wade from further action against County.

As illustrated by the facts of this case, § 15–78–70(d) permits a plaintiff to maintain an action against a governmental employee in his individual capacity, settle, and then pursue an action against the governmental employer for the tort of his employee allegedly committed while in the scope of employment.[6] This result circumvents that policy of the Act which is

---

4. *See* § 15–78–200; § 15–78–20(f)

5. Similarly, Wade had not brought an action against Pierce in his official capacity. *See* § 15–78–70(c) (discussing limited situations in which employee may be named as party under Act).

6. We note Wade conceded any recovery against County would be offset by his settlement with Pierce.

to protect employees from personal liability for torts committed while acting within the scope of employment. Section 15–78–20(b) (Act is exclusive civil remedy available for tort committed by governmental employees). Nevertheless, our construction of the statute is limited by its legislative history.

The decision of the Court of Appeals is **AFFIRMED IN PART AND REVERSED IN PART.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.