518 F.Supp.2d 780 (2007)
Ralph B. HANAHAN as attorney-in-fact for Grey M. Geissler under Durable Power of Attorney dated November 29, 2006; as the Manager of Salt Creek Investments, LLC, Conch Point, LLC, and Lyttleton Street, LLC as Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005, as amended, merged, and re-stated, and as Trustee *781 of the Grey M. Geissler Trust dated February 12, 2007; Grey M. Geissler, individually, as beneficiary and former Trustee of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended, and on behalf of the remainder beneficiary and the Successor Trustee(s) of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended and of its Marital and Family Trusts; as income beneficiary and former Trustee of the Marital Trust created under Article IX of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended; as income beneficiary and former Trustee of the Family Trust created under Article X of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended; as the income and principal beneficiary and as the Settlor and Trustee of The Grey Rhett Geissler Trust dated January 25, 2003; as Settlor and former Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended, merged, and re-stated; as beneficiary of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended merged, and re-stated; as Settlor of The Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005, as Settlor of The Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006; and, as named insured in those certain policies of life insurance issued by John Hancock Life Insurance Company, Inc., (USA), Plaintiffs,
v.
JOHN HANCOCK LIFE INSURANCE COMPANY, INC., (USA), Jeffery Covelli, Brian Kreider, Signator Insurance Agency, Haynes Brokerage Group, William M. Rhett, Jr. individually, as fiduciary for Grey M. Geissler, as the former Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended, as former Attorney-in-Fact and Fiduciary under General Durable Power of Attorney for Grey M. Geissler, as the present or former Manager and/or Agent of Salt Creek Investments, LLC, Conch Point LLC, and of Lyttleton Street, LLC; De facto Trustee of the Rudolph Geissler, Jr. Trusts; as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005; and as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006; Nancy Rhett, individually, as De facto Trustee of the Rudolph Geissler, Jr. Trust, as Financial Manager of Salt Creek Investments LLC, and as a fiduciary for Grey M. Geissler as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005; as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006; and as De facto Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended; Douglas S. Delaney, individually and as former Trustee of The Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005; as Trustee of The Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006, as De facto Trustee of the Rudolph Geissler, Jr. Trust; as attorney for The Rudolph Geissler, Jr. Trust, Grey M. Geissler, Salt Creek Investments, LLC, Conch Point, LLC, Lyttleton Street, LLC, William M. Rhett, Jr., and Nancy Rhett; and Douglas S. Delaney, P.A., Defendants.
C.A. No. 9:07 cv 2715-PMD.
United States District Court, D. South Carolina, Charleston Division.
October 12, 2007.
*782 John Rhett Crosswell Bowen, Laughlin and Bowen, Hilton Head Island, SC, for Plaintiffs.
Leslie Arlen Cotter, Jr., Richardson Plowden and Robinson, Columbia, SC, *783 Sean Michael Bolchoz, Hale and Bolchoz, Hilton Head Island, SC, Thomas S. Tisdale, Jr., Nexsen Pruet Jacobs Pollard and Robinson, Charleston, SC, for Defendants.

ORDER
PATRICK MICHAEL DUFFY, District Judge.
This matter is before the court on Plaintiffs' Motion to Remand pursuant to 28 U.S.C. § 1332. Plaintiffs claim that the matter must be remanded to state court because no federal jurisdiction exists. The complaint asserts no federal issue of law and Plaintiffs assert complete diversity of citizenship is lacking because Plaintiffs and Defendants William M. Rhett, Jr. and Nancy Rhett are all citizens of South Carolina. Defendants claim that complete diversity exists because Defendants William M. Rhett, Jr. and Nancy Rhett are no longer parties to this, action. For the reasons set forth herein, Plaintiffs' Motion for Remand is denied.

BACKGROUND
Plaintiffs Ralph B. Hanahan ("Hanahan") and Grey M. Geissler ("Geissler"), both citizens of South Carolina, filed an amended complaint in the Court of Common Pleas for Beaufort County on March 2, 2007. (Pls.' Ex. A.) This amended complaint commenced an action against, among others, the removing Defendants Jeffrey Covelli ("Covelli"), Brian Kreider ("Kreider"), and Haynes Brokerage Group ("HBG"). All three removing Defendants are citizens of jurisdictions other than South Carolina.[1]
The complaint alleged fourteen separate causes of action against Defendants stemming from their alleged participation in a scheme of wrongful conversion of certain property belonging to Geissler, an 87 year-old widow, and trusts set up for Geissler's benefit, as well as the wrongful procurement of a life insurance policy on Geissler. (Pls.' Ex. A.) A number of other Defendants to this action were acknowledged by both parties to be citizens of South Carolina.
Also on March 2, 2007, the state court entered a Consent Order between the Plaintiffs and Defendants William M. Rhett, Jr. and Nancy Rhett (collectively, "the Rhetts"). This Consent Order, entitled "Covenant Not To Execute and Agreement," stipulated that so long as the Rhetts complied with certain provisions of the agreement, Plaintiffs agreed to release the Rhetts from any liability they may face in the action. (Pls.' Ex. I.)
By July, the Plaintiffs had either dismissed or settled their claims with all remaining South Carolina Defendants.[2] On August 6, 2007, the Defendants filed a Notice of Removal with this court, asserting that complete diversity now existed between the parties, and this court had jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. On August 30, Plaintiffs filed a Motion to Remand, claiming that the Rhetts had made material misrepresentations and not honored their obligations under the Consent Order, and thus were still parties to this action, which would defeat diversity jurisdiction. Defendants filed a Response on September 14, asserting that the Consent Order released the Rhetts from the litigation, meaning that they were no longer real parties in interest *784 and their South Carolina citizenship should not be considered by the court for the purposes of determining whether diversity existed between the parties or not.
Neither party disputes that, aside from the Rhetts, all South Carolina Defendants named in the amended complaint are no longer parties to this litigation. Neither party disputes that more than $75,000 is in dispute in this litigation. The sole issue before the court is to determine whether the Consent Order, and the Rhetts' alleged noncompliance with the conditions set forth therein, means that the Rhetts are no longer parties in interest to this litigation, and thus whether their South Carolina citizenship should be taken into account in determining diversity jurisdiction.

ANALYSIS
The burden of demonstrating jurisdiction resides with "the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir.2004) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994)). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. Id. Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." Id.
Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this case, Defendants allege that removal was proper because the district court had original jurisdiction to hear Plaintiff's case under 28 U.S.C. § 1332. Section 1332 grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Section 1446 governs cases where complete diversity arises after the commencement of the litigation, and provides that:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .
28 U.S.C. § 1446(b).
In order for a federal court to have diversity jurisdiction, the plaintiff must be a citizen of a separate jurisdiction from each and every defendant. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). If, after the commencement of the litigation, a plaintiff enters into a covenant not to execute with all remaining nondiverse parties, complete diversity can arise, and the case can then be removed to federal court. See, e.g., Self v. General Motors Corp., 588 F.2d 655 (9th Cir.1978). The key question a court must decide is whether the settlement or dismissal was a voluntary act of the plaintiff which "has demonstrated the plaintiffs desire not to pursue the case against the non-diverse party." Higgins v. E.I. Du-Pont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir.1988). See also Wingfield v. Franklin Life Ins. Co., 41 F.Supp.2d 594, 597 (E.D.Va.1999) (noting that federal courts can exercise jurisdiction where dismissal of non-diverse defendant was voluntary act of plaintiff); Heniford v. American Motors Sales Company, 471 F.Supp. 328, 334 (D.S.C.1979) ("It is quite well-settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons, *785 the action as to the resident joint defendant, the cause then becomes removable, and may, upon prompt action, be removed by the nonresident defendants who have been served."). The existence of a settlement, agreement that is binding and enforceable under the applicable state law constitutes a voluntary dismissal, and precludes the court from considering the citizenship of that defendant for the purposes of determining diversity. See Estate of Martineau v. ARCO Chemical Co., 203 F.3d 904, 912 (5th Cir.2000) (holding that existence of a settlement agreement which was enforceable under Texas law constituted a voluntary dismissal of claims against nondiverse defendant, making remand improper); Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 60 (4th Cir.1991) (applying Maryland law to determine the validity of the dismissal of a nondiverse defendant).
The issue before the court, therefore, is whether the Consent Order between Plaintiffs and the Rhetts evinces a "desire not to pursue the case" against the Rhetts, or whether it constitutes an enforceable settlement agreement under South Carolina law.
The Consent Order provides that "Plaintiffs . . . bind themselves, their heirs and assigns not to enforce by execution or otherwise any civil claim against William M. Rhett, Jr. and Nancy Rhett arising out of the matters alleged in the above captioned action . . ." (Consent Order at 3.) In exchange for having the case against them dropped, the Rhetts agreed to a number of conditions and affirmations. These included:
1. That the Rhetts did not know of or authorize certain actions taken by Defendant Delaney, particularly concerning the release of funds from a Charles Schwab account to pay for an insurance premium. Id. at 9.
2. That the Rhetts would aid and participate in an accounting of the finances of Plaintiff Geissler and related trusts. Id. at 8.
3. That the Rhetts would cooperate with Plaintiffs in this case going forward, including testimony, affidavits, and informal conversations with Plaintiffs' counsel. Id.

4. That the Rhetts would give back to Plaintiff Geissler or the appropriate related trust any money that the accounting revealed to have been wrongly obtained. Id. at 9.
The Consent Order was signed by Plaintiffs, the Rhetts, counsel for both parties, and was ultimately signed and adopted by Master in Equity Curtis L. Coltrane.
Plaintiffs now allege that "all of the conditions of the order have not been fulfilled," and that the Rhetts "may have already committed a serious breach of the order." (Pls.' Mem. of Law in Support of Mot. to Remand at 8.) Because of this, Plaintiffs assert that the Rhetts "are still very much parties to the case and under the jurisdiction of the court." Id.
However, the allegation that the Rhetts have not yet fulfilled their obligations under the Consent Order is insufficient to make them a continued party in interest to this litigation. It could not be clearer from the language of the Consent Order that Plaintiffs fully intended that agreement to release the Rhetts from further liability in this action. It would be manifestly unfair to diverse defendants, as well as a substantial undermining of our diversity jurisdiction laws, to allow plaintiffs to maintain nondiverse defendants with whom they had already reached a settlement as a sort of perpetual talisman against federal jurisdiction. This is especially true regarding agreements like the Consent Order here, where one of the conditions imposed upon the Rhetts was their cooperation in the remainder of the litigation. Accepting Plaintiffs' reasoning, *786 this would mean that the Rhetts could not possibly complete their Consent Order obligations until the litigation was complete. Therefore, although all defendants against whom damages were being sought would be diverse from plaintiffs, they could never remove the case to federal court. Such a result would make diversity jurisdiction purely illusory in many cases such as this one.
Furthermore, the Consent Order constitutes a legally binding settlement. Under South Carolina law, a covenant not to execute such as the one entered into by these parties in the Consent Order, is given legal effect as a settlement of disputed claims. Wade v. Berkeley County, 348 S.C. 224, 228, 559 S.E.2d 586, 587-88 (S.C. 2002) (reversing lower court's finding that a covenant not to execute was not a legally binding settlement, holding that "a covenant not to execute is one type of settlement agreement," and that a "covenant not to execute is a promise not to enforce a right of action or execute a judgment when one had such a right at the time of entering into the agreement."). See also American Interinsurance Exchange v. Commercial Union Assur. Co., 605 F.2d 731, 734 (4th Cir.1979) (applying South Carolina law and holding that covenants not to sue are binding between the parties to the covenant). A covenant not to execute cannot be unilaterally withdrawn by a plaintiff in order to defeat diversity jurisdiction. Bumgardner v. Combustion Engineering, Inc., 432 F.Supp. 1289 (D.S.C.1977).
While the court does not ignore or minimize the alleged wrongful actions of the Rhetts, if they did in fact violate the terms of the Consent Order, the Plaintiffs have other adequate means of recourse that do not require the presence of the Rhetts to linger in this litigation. See, e.g., Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co., 336 F.Supp.2d 1239 (S.D.Fla.2004) (ruling on an independent action for breach of a covenant not to execute); Kamfar v. New World Restaurant Group, Inc., 347 F.Supp.2d 38 (S.D.N.Y.2004) (same).
The court finds that the covenant not to execute entered into by the parties in the March 2, 2007 Consent Order constitutes a binding agreement which makes the Rhetts no longer real parties in interest to this litigation. As such, their South Carolina citizenship is not considered by the court for the purposes of determining whether complete diversity exists among the parties. This leaves Plaintiffs, who are citizens of South Carolina, and the removing Defendants, all of whom are citizens of jurisdictions other than South Carolina.
Accordingly, the court finds that the real parties in interest in this litigation are completely diverse, making Defendants' Notice of Removal proper. For this reason, Plaintiffs' Motion for Remand is denied.

CONCLUSION
It is therefore ORDERED, for the foregoing reasons, that Plaintiffs' Motion for Remand is hereby DENIED.
AND IT IS SO ORDERED.
NOTES
[1] Covelli is a citizen of North Carolina, and Kreider and HBG are both citizens of Virginia.
[2] All claims against Defendants Edwin Crowder and Cindy Lu Crowder were dismissed on April 11, 2007. (Defs.' Ex. E.) All claims against Defendant Live Oak Advisors, LLC were dismissed on April 26, 2007. (Defs.' Ex. F.) Judgment was entered against Defendant Douglas Delaney on July 9, 2007. (Defs.' Ex. G.)