**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

United Auto Insurance Company, Respondent,

v.

Willie Freeman, Michael Craft, Kimberly L. Sanford, and Antonio Craft, Appellants.

Appellate Case No. 2015-000811

———————————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-412
Submitted September 1, 2017 – Filed November 1, 2017

———————————

**AFFIRMED**

———————————

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellants.

George Verner Hanna, IV and Trevor Penrose Eddy, both of Howser Newman & Besley, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:** Willie Freeman, Michael Craft, Kimberly L. Sanford, and Antonio Craft (collectively Appellants)[1] appeal the circuit court's order finding the conduct of United Auto Insurance Company (Respondent) did not violate applicable statutory requirements related to the cancellation of automobile insurance policies. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. With regard to whether subsection 38-77-120(a)(2) of the South Carolina Code (2015) permitted Respondent to issue a notice of cancellation for nonpayment of insurance premium before the payment became delinquent: *Wade v. Berkeley Cty.*, 348 S.C. 224, 229, 559 S.E.2d 586, 588 (2002) ("The first question of statutory interpretation is whether the statute's meaning is clear on its face."); *Catawba Indian Tribe of S.C. v. State*, 372 S.C. 519, 525-26, 642 S.E.2d 751, 754 (2007) ("The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation."); *id.* at 525, 642 S.E.2d at 754 ("If a statute's language is plain, unambiguous, and conveys a clear meaning, then 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))); S.C. Code Ann. § 38-77-120(a)(2) (stating a cancellation of insurance is effective provided the insured is mailed a notice of cancellation and the notice states the date on which cancellation becomes effective, which cannot be less than fifteen days from the time of mailing).

2. With regard to whether Respondent's cancellation of the insurance policy was proper pursuant to subsection 56-10-280(A)(4) of the South Carolina Code (Supp. 2016): *Wade*, 348 S.C. at 229, 559 S.E.2d at 588 ("The first question of statutory interpretation is whether the statute's meaning is clear on its face."); *Catawba Indian Tribe of S.C.*, 372 S.C. at 525-26, 642 S.E.2d at 754 ("The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation."); *id.* at 525, 642

---

[1] Although Sanford and Antonio Craft are designated as Appellants in the Notice of Appeal, the record reveals these parties have not been represented or participated in the litigation in this case and are currently in default. Therefore, the appeal as to them is dismissed. *See Winesett v. Winesett*, 287 S.C. 332, 333-34, 338 S.E.2d 340, 341 (1985) (dismissing appeal and noting "[t]he proper procedure for challenging a default judgment is to move the trial court to set aside the judgment pursuant to Rule 60(b), SCRCP. An appeal may then be taken from the denial of this motion.").

S.E.2d at 754 ("If a statute's language is plain, unambiguous, and conveys a clear meaning, then 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581)); S.C. Code Ann. § 56-10-280(A)(4) (stating an insurance policy may be canceled within the first sixty days if the insured fails to pay when due the premium for the policy).

**AFFIRMED.**[2]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.