# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Wanda Whetstone, Appellant,

v.

State of South Carolina, Office of the Governor, Respondent.

Appellate Case No. 2023-001424

---

Appeal From Richland County
William A. McKinnon, Circuit Court Judge

---

Opinion No. 6133
Heard October 7, 2025 – Filed January 21, 2026

---

### REVERSED

---

Mark D. Chappell and Mark Dale Chappell, Jr., of Chappell Smith & Arden, of Columbia; and William Sellars Detwiler, of Chappell, Chappell & Newman, Attorneys, LLC, of Columbia, all for Appellant.

David Allen Anderson, Carmen Vaughn Ganjehsani, and Hunter Weston Adams, all of Richardson Plowden & Robinson, PA, of Columbia; Thomas Ashley Limehouse, Jr., of Limehouse LLC, of Charleston; and William Grayson Lambert and Erica Wells Shedd, of Columbia, all for Respondent.

---

**CURTIS, J.:** This case concerns whether section 15-78-70(d) of the South Carolina Tort Claims Act (TCA) bars a plaintiff from settling with a government

employee in her individual capacity and then filing a separate negligence lawsuit against her employer, the State of South Carolina, Office of the Governor (Respondent) under the TCA. Appellant argues the South Carolina Supreme Court unequivocally answered this question in the negative in *Wade v. Berkeley County*, 348 S.C. 224, 559 S.E.2d 586 (2002), and the circuit court erred in relying on common law principles of derivative liability, rather than the court's holding in *Wade*. We agree and reverse.

## I.      BACKGROUND

Appellant Wanda Whetstone was injured in a motor vehicle accident and sued Karen Campbell, who she alleged was the at-fault driver. Appellant filed claims against Campbell's personal liability and underinsured motorist policies and recovered the policy limits. As part of the settlements, Appellant signed a Settlement Agreement and a Covenant Not to Execute which specifically preserved her right to pursue claims against "any other parties."

After settling with Campbell individually, Appellant filed a lawsuit against Respondent, alleging that Campbell was acting within the scope of her employment at the time of the accident and that Respondent "should be called to answer for its agent and servant's actions under the doctrine of *respondeat superior* and pursuant to the [TCA]." Appellant's complaint alleged Respondent was negligent through the actions of its employee, Campbell, and made no additional claims against Respondent (such as negligent hiring, supervision, and training).

Respondent initially moved for summary judgment on the basis that Campbell was not acting within the scope of her employment at the time of the accident. The circuit court denied the motion, citing the parties' conflicting affidavits concerning the nature of Campbell's excursion at the time of the accident.

Respondent then moved for summary judgment a second time, arguing that under section 15-78-70(d) of the TCA, Appellant's settlement with Campbell extinguished her claims against Respondent. The court granted the motion, citing this court's holding in *Andrade v. Johnson*, that settlement of a claim against an employee "operates as an acquittal of the employer who is only derivatively liable." 345 S.C. 216, 226, 546 S.E.2d 665, 670 (Ct. App. 2001). This appeal followed.

## II.    STANDARD OF REVIEW

"In reviewing the grant of summary judgment, this [c]ourt applies the same standard as the circuit court." *Braden's Folly, LLC v. City of Folly Beach*, 439 S.C. 171, 190, 886 S.E.2d 674, 684 (2023).  "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Rule 56(c), SCRCP).

## III.    LAW/ANALYSIS

"The South Carolina Tort Claims Act is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of his official duty."  S.C. Code Ann. § 15-38-65 (2005).  "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor[e] except as expressly provided for in subsection (b)."  S.C. Code Ann. § 15-78-70(a) (2005).  Subsection (b) states that the TCA does not cover circumstances where "the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."  S.C. Code Ann. § 15-78-70(b) (2005).  This case concerns the meaning of section 15-78-70(d), which states: "A settlement or judgment in an action or a settlement of a claim under this chapter constitutes a complete bar to any further action by the claimant against an employee or governmental entity by reason of the same occurrence."  S.C. Code Ann. § 15-78-70(d) (2005).

Appellant argues the controlling authority applicable to this case is *Wade v. Berkeley County*, 348 S.C. 224, 559 S.E.2d 586 (2002).  We agree.  The plaintiff in *Wade* was injured in an automobile accident and filed a lawsuit against the at-fault driver, Pierce, in his individual capacity.  *Id*. at 226, 559 S.E.2d at 586–87.  During the discovery period, Wade settled with Pierce's personal liability insurer and executed a Covenant Not to Execute Judgment.  *Id.*  Wade subsequently amended his complaint, dismissing Pierce and naming Berkeley County as a defendant, alleging the county was liable under the TCA as Pierce's employer.  *Id*. at 226, 559 S.E.2d at 587.  The trial court granted summary judgment in favor of Berkeley County, finding that once Wade settled with Pierce, he was barred from bringing any further action against the County pursuant to section 15-78-70(d).  *Id.*  The Court of Appeals reversed, finding the Covenant Not to Execute was not a settlement as contemplated by the TCA, and Wade was therefore not barred from

bringing a subsequent action against the county.[1]  *Id.* at 227–28, 230, 559 S.E.2d at 586.

Our supreme court reversed this court's holding that the Covenant was not a settlement agreement within the meaning of section 15-78-70.  *Id.* at 228, 559 S.E.2d at 588.   However, the court affirmed the Court of Appeals' holding that the previous settlement did not bar Wade from pursuing a separate action against the county.  *Id.* at 230, 559 S.E.2d at 589.  The court examined the statute's legislative history and held that there must be a settlement or judgment in an action or claim *under the TCA* before a government defendant may invoke the bar against further action.  *Id*. at 230, 559 S.E.2d at 588–89.  At the time Wade executed the covenant, no TCA action had been initiated against Berkeley County, nor had any claim been filed against it.  *Id*. at 230, 559 S.E.2d at 589.  The court therefore found that there were no actions pending "under [the TCA]," and that the settlement with Pierce did not bar subsequent action against his employer.  *Id*.  The court noted:

> As illustrated by the facts of this case, § 15-78-70(d) permits a plaintiff to maintain an action against a governmental employee in his individual capacity, settle, and then pursue an action against the governmental employer for the tort of his employee allegedly committed while in the scope of employment.  This result circumvents that policy of the Act which is to protect employees from personal liability for torts committed while acting within the scope of employment.  Nevertheless, our construction of the statute is limited by its legislative history.

*Id*. at 230–31, 559 S.E.2d at 589 (citation omitted).

We find *Wade* is factually on all fours with the present case.  *See Wade III,* 339 S.C. at 516–18, 529 S.E.2d at 745–46 (describing the factual and procedural history).  As in this case, Wade's claim was a derivative liability claim in that there

---

[1] This court heard *Wade* twice.  During the first hearing, this court reversed the trial judge's ruling granting the County's motion for summary judgment.  *Wade v. Berkeley County*, 339 S.C. 495, 529 S.E.2d 734 (Ct. App. 1999) ("Wade II").  This court then affirmed the previous panel's decision on a rehearing *en banc*.  *Wade v. Berkeley County*, 339 S.C. 513, 529 S.E.2d 743 (Ct. App. 2000) ("Wade III").

were no allegations of tortious conduct by the government entity outside of its employee's actions.  *Id*.

In this case, the trial court found the holding in *Wade* was limited to the threshold issue of whether a plaintiff may *file* a lawsuit against a government entity under these circumstances but did not explicitly address whether the common law principles of *respondeat superior* apply in a TCA case.  The trial court relied on this court's holding in *Andrade*, that settlement of a claim against an employee "operates as an acquittal of the employer who is only derivatively liable."  345 S.C. at 226, 546 S.E.2d at 670.  *Andrade*, however, involved common law negligence between private actors and was not a TCA case.  *Id*. at 219–20, 546 S.E.2d at 667.  The portions of *Andrade* cited by the circuit court were based on the court's analysis of the Uniform Contribution Among Tortfeasors Act, which is expressly inapplicable to government entities.  *See* S.C. Code Ann. § 15-38-65 (2005) ("The [UCATA] shall not apply to governmental entities.").  The TCA's language makes no distinction between derivative liability claims and claims against both employer and employee as joint tortfeasors.  It is the exclusive remedy for all claims against an employee of a governmental entity.  We are persuaded by the South Carolina District Court's holding in *Newkirk v. Enzor*, that the TCA replaces the common law doctrine of *respondeat superior*, which does not apply to TCA cases.  240 F. Supp. 3d 426, 436 (D.S.C. 2017) ("The doctrine of *respondeat superior* therefore is inapplicable to claims against South Carolina governmental entities or their employees.  Governmental entities are vicariously liable for their employees' torts only as provided by the statute; governmental entities are not additionally or alternatively liable under common-law vicarious liability doctrines.").[2]

We recognize, as our supreme court noted in *Wade*, that allowing Appellant to settle with Campbell individually (knowing that she was potentially acting within

---

[2] We note that the dissent in *Wade III* criticized the majority opinion on the same grounds Respondent raises here. *Wade III,* 339 S.C. at 533, 529 S.E.2d at 753–54 (Goolsby, J., dissenting).  Specifically, the dissent argued that the majority wrongly treated the employer and employee as joint tortfeasors, when at common law, the employer would only be vicariously liable under the doctrine of *respondeat superior*.  *Id*.  Our supreme court nevertheless affirmed this part of the majority's opinion without addressing the dissent's interpretation.  *Wade*, 348 S.C. at 230-31, 559 S.E.2d at 589.

the scope of her employment) and then pursue a separate claim against Respondent appears contrary to the TCA's purpose, "which is to protect employees from personal liability for torts committed while acting within the scope of employment." *Wade*, 348 S.C. at 230–31, 559 S.E.2d at 589. The *Wade* court acknowledged this discrepancy but nonetheless found the express language of section 15-78-70(d), combined with the legislative history, demanded this result. *Id.* We find ourselves in the same position here.[3]

## IV.   CONCLUSION

The TCA allows a plaintiff to settle with a government employee in his or her individual capacity and subsequently bring an action against the employer. *Wade*, 348 S.C. at 230, 559 S.E.2d at 589. The TCA does not distinguish between joint and vicarious liability, only whether the employee was acting within the scope of her employment. Thus, we find the common law bar to employer liability discussed in *Andrade* is not applicable in this case.

**REVERSED.**

**WILLIAMS, C.J., and THOMAS, JJ., concur.**

---

[3] In settling with Plaintiff, Campbell did, however, receive the benefit of limiting any potential individual liability she would have been exposed to if the jury ultimately found she was *not* acting within the scope of her employment at the time of the accident. *See Wade III*, 339 S.C. at 529, 529 S.E.2d at 752 (Hearn, J., concurring) ("The dissent would place [Driver] in the unenviable position of having to gamble on liability exposure. If the jury found he was not acting in his official duties at the time of the accident and awarded substantial damages to [Plaintiff], [Driver] and his insurance carrier would be exposed to a judgment which they otherwise could have avoided by a reasonable settlement. [Driver] and his insurance carrier are placed in a worse position than an ordinary tortfeasor simply by virtue of [his] employment with the County.").